# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ARIEL BOOKER,
*individually, and on behalf of others
similarly situated*,

      Plaintiffs,

v.

SCIBMATT LLC d/b/a COPELANDS
OF NEW ORLEANS; and BILL
GOUDEY,

      Defendants.

Civil Action File No.:

_____

**JURY TRIAL DEMANDED**

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff Ariel Booker ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendants Scibmatt, LLC d/b/a Copelands of New Orleans and Bill Goudey (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.    This is a collective action for unpaid minimum and overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2.    In this collective action, Named Plaintiff alleges that Defendants willfully violated the FLSA by failing to pay Named Plaintiff and other similarly

situated hourly employees minimum wages and overtime wages for the hours Plaintiffs worked and continue to work.

3.      Specifically, Named Plaintiff alleges that Defendants treat Named Plaintiff and others similarly situated as "tipped employees" because these employees receive tips from Defendants' customers. Defendants claim a "tip credit" against their federal minimum and overtime wage obligations and pay Named Plaintiff and other similarly situated employees less than $7.25 per hour in direct wages, but they fail to comply with legal requirements for taking the tip credit. Because Defendants do not permit their tipped employees to keep all of their tips and fail to provide legally sufficient notice of their intent to take the tip credit, Defendants cannot claim the tip credit and must pay Named Plaintiff and all similarly situated employees the full minimum wage and overtime wage for the hours Plaintiffs worked and continue to work.

4.      The proposed class that Named Plaintiff seeks to represent, and on behalf of whom Named Plaintiff files this collective action, consists of all employees classified by Defendants as "servers" who are paid less than $7.25 per hour and receive tips from Defendants' customers who worked at Defendants' "Copelands of New Orleans" restaurant located at 3101 Cobb Parkway, Suite 220, Atlanta, Georgia within three years of the filing of this complaint (Named Plaintiff and all persons

who consent to join this action are referred to collectively as "Plaintiffs").

## THE PARTIES

5.      Defendant Scibmatt LLC ("Scibmatt") is a foreign limited liability company with its principal office address located at P.O. Box 723667, Norcross, Georgia 31139.

6.      Scibmatt may be served with process through its registered agent, Tucker T. Hobgood, at 100 Galleria Parkway, Suite 1020, Atlanta, Georgia 30339.

7.      Defendant Bill Goudey is the CEO of Defendant Scibmatt and may be served wherever he may be found.

8.      Named Plaintiff Ariel Booker worked for Defendants as a server from November 2019 until June 2022.

9.      Named Plaintiff consents in writing to join this action pursuant to 29 U.S.C. § 216(b). *See* Exhibit 1.

10.     Other servers, who are similarly situated to Named Plaintiff, are interested in joining this collective action.

11.     For example, Jermaine Johnson and Sidney Steele consent to joint this collective action as party Plaintiffs. *See* Exhibits 2 and 3.

## JURISDICTION AND VENUE

12.     Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiffs'

claims because the claims raise questions of federal law.

13.     Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B) venue is proper in this division because at least one defendant resides in this division and a substantial part of the events or omissions giving rise to the claims occurred in this division.

14.     Defendant Scibmatt is subject to personal jurisdiction in this Court because it conducts substantial business in Georgia and has a registered agent in Georgia.

15.     Defendant Bill Goudey is subject to personal jurisdiction in this Court because he resides in, and is a citizen of, Georgia.

## SCIBMATT IS COVERED BY THE FLSA

16.     Scibmatt is an enterprise engaged in commerce or the production of goods for commerce.

17.     Scibmatt operates a restaurant in Atlanta, Georgia located at 3101 Cobb Parkway, Suite 220, Atlanta, Georgia 30339, which goes by the name "Copelands of New Orleans."

18.     At Copelands of New Orleans, Scibmatt employs two or more individuals who engage in commerce, the production of goods for commerce or who handle, sell, or work with goods or materials that have moved in or were produced for commerce.

19.    Scibmatt employs two or more individuals who regularly communicate across state lines using the interstate mail and telephone while performing their job duties.

20.    Scibmatt employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

21.    Scibmatt's employees handle and use materials that have traveled through interstate commerce, such as cleaning supplies, computers, telephones, fax machines, and food and beverage products, while performing their job duties.

22.    Scibmatt employs two or more individuals who process credit card transactions while performing their job duties.

23.    Scibmatt's gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.

## DEFENDANTS EMPLOYED THE PLAINTIFFS

24.    Scibmatt and Bill Goudey employed Plaintiffs within the meaning of the FLSA.

25.    Scibmatt and Goudey have the authority to hire and fire the Plaintiffs.

26.    Scibmatt and Goudey determine the employment policies applicable to Plaintiffs.

27.    Scibmatt and Goudey have the authority to modify the employment

policies applicable to Plaintiffs.

28.    Scibmatt and Goudey determine how much, and in what manner, Plaintiffs are compensated.

29.    Scibmatt and Goudey maintain the employment records, such as time and pay records, for Plaintiffs.

## FACTUAL ALLEGATIONS CONCERNING PLAINTIFFS' COMPENSATION

30.    Defendants operate the Copelands of New Orleans restaurant in Atlanta, Georgia.

31.    Plaintiffs worked for Defendants as hourly-paid servers at Copelands of New Orleans.

32.    For example, Named Plaintiff Ariel Booker worked for Defendants as a server at Copelands of New Orleans from November 2019 until June 2022.

33.    Customers of Copelands of New Orleans regularly leave discretionary gratuities ("tips") for the benefit of Plaintiffs.

34.    The tips left by customers at Copelands of New Orleans belong exclusively to the Plaintiffs.

35.    Because Plaintiffs regularly receive tips from Defendants' customers, Defendants classify Plaintiffs as "tipped employees" and take a "tip credit" against their minimum and overtime wage obligations with respect to Plaintiffs and pay

Plaintiffs less than $7.25 per hour for Plaintiffs' regular hours and less than $10.87 per hour for Plaintiffs' overtime hours worked over forty hours during workweeks.

36.   For example, Defendants paid the Plaintiffs $2.15 per hour for Plaintiffs' regular hours and for overtime hours worked during any given workweeks.

## DEFENDANTS FAIL TO PROVIDE LEGALLY SUFFICIENT NOTICE OF THE TIP CREDIT

37.   To be entitled to take the tip credit, Defendants must provide Plaintiffs with advance, legally sufficient notice of the tip credit regulations.

38.   However, Defendants fail to inform Plaintiffs at Copelands of New Orleans of the amount of cash wages Defendants pay Plaintiffs.

39.   Defendants fail to inform Plaintiffs at Copelands of New Orleans of the amount Defendants claim as a tip credit against the federal minimum wage.

40.   Defendants fail to inform Plaintiffs at Copelands of New Orleans that the tip credit claimed by Defendants cannot exceed the amount of tips received by Plaintiffs.

41.   Defendants fail to inform Plaintiffs at Copelands of New Orleans that all tips received by Plaintiffs must be retained by them, except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

42.   Defendants fail to inform Plaintiffs at Copelands of New Orleans that

the tip credit will not apply to Plaintiffs unless Plaintiffs receive notice of Defendants' obligations under the tip credit.

43.     Because Defendants do not properly inform Plaintiffs that Defendants take a tip credit against their minimum and overtime wage obligations, Defendants cannot claim a tip credit and must pay Plaintiffs the full minimum wage and correct overtime rate wage for the hours Plaintiffs work.

**DEFENDANTS DO NOT PERMIT PLAINTIFFS TO KEEP THEIR TIPS**

44.     To be entitled to take a tip credit against their minimum and overtime wage obligations, Defendants must permit Plaintiffs to keep all their tips.

45.     While Defendants can require Plaintiffs to give a portion of their tips to other tipped employees as part of a valid tip-pooling arrangement, Defendants cannot require Plaintiffs to give a portion of their tips to non-tipped employees.

46.     Defendants cannot legally claim a tip credit because Defendants do not permit Plaintiffs to keep all their tips and instead require Plaintiffs to give a portion of their tips to non-tipped employees.

47.     For example, Defendants require Plaintiffs to give a portion of their tips to the silverware rollers.

48.     Silverware rollers do not interact with customers, perform their job duties in the back of the restaurant with the kitchen staff, and are not tipped

employees.

49.     Because Defendants require Plaintiffs to give a portion of their tips to silverware rollers, who are non-tipped employees, Defendants cannot claim a tip credit against their federal minimum and overtime wage obligations and must pay Plaintiffs the full minimum wage and correct overtime rate wage for the hours Plaintiffs worked.

## DEFENDANTS FAIL TO PAY PLAINTIFFS THE MINIMUM WAGE

50.     Named Plaintiff Booker worked up to and beyond 40 hours a week as a server at Copelands of New Orleans and earned $2.13 per hour for the hours that she worked.

51.     Because Defendants cannot claim the tip credit against their minimum wage obligations, Defendants must pay Booker the full minimum wage (i.e., $5.12) for all hours worked over the past three years.

52.     Other servers at Copelands of New Orleans worked similar hours and were paid $2.13 per hour for the hours they worked.

53.     Defendants must pay the servers at Copelands of New Orleans who opt into this case the full minimum wage (i.e., $5.12) for all hours worked over the past three years.

**DEFENDANTS FAIL TO PAY PLAINTIFFS OVERTIME WAGES**

54.    In addition to the regular hours Plaintiffs work up to 40 during certain workweeks, Plaintiffs frequently worked over 40 hours per workweek for which they receive no overtime wages.

55.    For example, Plaintiff Booker regularly worked between 40-45 hours per week approximately twice a month while employed by Defendants.

56.    Defendants paid Plaintiff Booker $2.13 per hour for the overtime hours that she worked.

57.    The other servers at Copelands of New Orleans worked similar overtime hours (over 40 per workweek) and were paid $2.13 per hour for the overtime hours they worked.

58.    Even if Defendants are entitled to claim a tip credit against their minimum and overtime wage obligations (which they are not) Defendants still must pay Plaintiffs at least $5.75 per hour for all hours worked over 40 per workweek.

59.    However, because Defendants fail to provide Plaintiffs with legally sufficient notice of the tip credit regulations and fail to permit Plaintiffs to keep all their tips, Defendants cannot claim a tip credit with respect to Plaintiffs' overtime hours.

60.    Because Defendants cannot claim the tip credit, Defendants must pay

Plaintiffs no less than $10.87 per hour for the overtime hours Plaintiffs work.

## COUNT 1: WILLFUL FAILURE TO PAY MINIMUM WAGES

61.   Defendants claim a tip credit against their federal minimum wage obligations with respect to Plaintiffs and pay Plaintiffs $2.13 per hour in direct wages.

62.   However, Defendants cannot legally claim a tip credit against the minimum wage because Defendants fail to provide Plaintiffs with advance, legally sufficient notice of the tip credit regulations and fail to permit Plaintiffs to keep all their tips.

63.   Because Defendants cannot legally claim a tip credit, Defendants must pay Plaintiffs at least $7.25 per hour for all hours worked.

64.   Defendants do not pay Plaintiffs at least $7.25 per hour for all hours worked and instead pay Plaintiffs $2.13 per hour.

65.   By failing to pay Plaintiffs at least $7.25 per hour, Defendants willfully violated the FLSA.

66.   Defendants know, or should have known, that to legally claim a tip credit against the federal minimum wage, Defendants must provide Plaintiffs with legally sufficient notice of their intent to take the tip credit and must permit Plaintiffs to keep their tips.

67.    The federal regulations clearly state that to claim a tip credit Defendants must inform Plaintiffs of the tip credit regulations and must permit Plaintiffs to keep their tips.

68.    Defendants either consulted these regulations and failed to comply with them—which demonstrates an intentional violation of the FLSA—or failed to consult these regulations which shows a reckless disregard of Plaintiffs' rights under the FLSA.

69.    Because Defendants willfully violated the FLSA, Plaintiffs are entitled to: (1) their unpaid minimum wages; (2) liquidated damages in an amount equal to their unpaid minimum wages; (3) to have all unlawfully retained tips returned to Plaintiffs; (4) liquidated damages in an amount equal to their unlawfully retained tips; and (5) an award of their attorneys' fees and costs of litigation.

## COUNT 2: WILLFUL FAILURE TO PAY OVERTIME WAGES

70.    Defendants claim a tip credit against their federal overtime wage obligations and pay Plaintiffs $2.13 per hour for the overtime hours Plaintiffs work during any give workweek.

71.    However, because Defendants fail to provide Plaintiffs with legally sufficient notice of the tip credit regulations and fail to permit Plaintiffs to keep their tips, Defendants cannot claim the tip credit and must pay Plaintiffs at least $10.87

for all overtime hours Plaintiffs work.

72.   By failing to pay Plaintiffs at least $10.87 per hour for all overtime hours worked, Defendants willfully violated the FLSA.

73.   Defendants know, or should have known, that to legally claim a tip credit against the federal overtime wage, Defendants must provide Plaintiffs with legally sufficient notice of their intent to take the tip credit and must permit Plaintiffs to keep their tips.

74.   The federal regulations clearly state that to claim a tip credit Defendants must inform Plaintiffs of the tip credit regulations and must permit Plaintiffs to keep their tips.

75.   Defendants either consulted these regulations and failed to comply with them—which demonstrates an intentional violation of the FLSA—or failed to consult these regulations which shows a reckless disregard of Plaintiffs' rights under the FLSA.

76.   Because Defendants willfully violated the FLSA, Plaintiffs are entitled to: (1) their unpaid overtime wages; (2) liquidated damages in an amount equal to their unpaid overtime wages; (3) to have all unlawfully retained tips returned to Plaintiffs; (4) liquidated damages in an amount equal to their unlawfully retained tips; and (5) an award of their attorneys' fees and costs of litigation.

**DEMAND FOR JUDGMENT**

Plaintiffs respectfully request that the Court:

I.      Conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II.     Rule that Defendants' actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and others similarly situated under the FLSA;

III.    Rule that Defendants' violation of the FLSA is willful;

IV.     Award Named Plaintiff and others similarly situated all unpaid wages for a period of three years;

V.      Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI.     Award Named Plaintiff and others similarly situated all unlawfully retained tips;

VII.    Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unlawfully retained tips;

VIII.   Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses; and

IX.    Award all other relief to which Named Plaintiff and others similarly situated may be entitled.

## DEMAND FOR TRIAL BY JURY

Named Plaintiff, on behalf of herself and others similarly situated, requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:        August 11, 2022.

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street
26th Floor
Atlanta, Georgia 30309
404-873-8000
tfoust@pcwlawfirm.com
dcrawford@pcwlawfirm.com

*Counsel for Plaintiffs*

*/s/ M. Travis Foust*
M. Travis Foust
Georgia Bar No. 104996
Dustin L. Crawford
Georgia Bar No. 758916